UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Y'TEVA THOMPSON, | ) | Case No. 1:06-cv-1906 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| CARLTON HOUSE CONDO | ) | |
| UNIT OWNER'S ASSOCIATION | ) | |
| ET AL. | ) | |
| | ) | |
| Defendants. | ) | |

This is an action that was removed to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. On July 3, 2006, plaintiff, Nathaniel C. Simpson, filed a complaint in the Cuyahoga County, Ohio Court of Common Pleas, being Case No. CV-06-595456.

On August 9, 2006, defendants, the City of Shaker Heights, Randy Keller (denoted as "Randy Kehler" in the complaint), the Shaker Heights City Prosecutor, and Walter A. Ugrinic, Shaker Heights Chief of Police, removed this case on the basis of federal question jurisdiction. The Notice of Removal correctly states that the complaint seeks relief under 42 U.S.C. §§ 1983, 1985, and 1988.

This action is before the Court upon Plaintiff's Motion for Voluntary Dismissal (Docket No. 20) and the parties' Notice of Dismissal (Docket No. 21). In both filings, the parties seek to dismiss the causes of action raised under 42 U.S.C. §§ 1983, 1985, and 1988.

The parties also wish to dismiss the following defendants: City of Shaker Heights, Randy Keeler, and Walter Ugrinic. Plaintiff's Motion for Voluntary Dismissal is GRANTED. The Court also notes, however, that Defendant Randy Keeler was dismissed from this action on December 12, 2006.

With the federal claims dismissed, the Court finds that the complaint contains only state law claims. However, jurisdiction in this case is based solely on the existence of a federal question, and this Court has jurisdiction over state law claims only insofar as they are pendent to a federal claim. Federal courts have the power to exercise pendent jurisdiction where the state and federal claims derive from a common nucleus of facts such that a plaintiff would ordinarily be expected to try them all in one judicial proceeding, and when the federal claim has sufficient substance to confer subject matter jurisdiction. 28 U.S.C. § 1367; *Mine Workers v. Gibbs,* 383 U.S. 715, 725 (1966). Plaintiff has, by eschewing claims based on federal law, chosen to have the cause heard in state court. Since the federal claims have been dismissed before trial and the complaint possesses no independent basis of federal jurisdiction, it is appropriate for this Court to remand the case to the Cuyahoga County, Ohio Court of Common Pleas. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988).

**IT IS SO ORDERED.**

Dated: May 10, 2007                                      *s: Sara Lioi*
                                                         Hon. Sara Lioi
                                                         United States District Judge